JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
ROBIN McENTEE, on behalf of himself and all others similarly situated,

## DEFENDANTS
ALLIANCE SEMICONDUCTOR CORPORATION, [see attachment "A"]

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

LINGEL H. WINTERS, ESQ. (SBN 37759)
One Maritime Plaza, Suite 400
San Francisco, CA 94111
Tel.: (415) 398-2941 / Fax: (415) 393-9887

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [X] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | **PERSONAL PROPERTY** | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 370 Other Fraud | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal Property Damage | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | **PRISONER PETITIONS** | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – Alien Detainee | | |
| | | | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: ANTITRUST

## VII. REQUESTED IN COMPLAINT:
- [X] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
[X] SAN FRANCISCO/OAKLAND   [ ] SAN JOSE

DATE: 2/15/08

SIGNATURE OF ATTORNEY OF RECORD: Lingel H. Winters

## CIVIL COVER SHEET ATTACHMENT "A"

ALLIANCE SEMICONDUCTOR CORPORATION; CYPRESS SEMICONDUCTOR CORPORATION; ETRON TECHNOLOGY, INC.; ETRON TECHNOLOGY AMERICA, INC.; GSI TECHNOLOGY, INC.; HITACHI, LTD.; HYNIX SEMICONDUCTOR, INC.; HYNIX SEMICONDUCTOR AMERICA, INC.; INTERGRATED SILICON SOLUTION, INC.; MICRON TECHNOLOGY, INC.; CRUCIAL TECHNOLOGY, INC.; MITSUBISHI ELECTRIC CORPORATION; MITSUBISHI ELECTRIC & ELECTRONICS USA, INC.; NEC ELECTRONICS CORPORATION; NEC ELECTRONICS AMERICA, INC.; RENESAS TECHNOLOGY CORPORATION; RENESAS TECHNOLOGY AMERICA, INC.; SAMSUNG ELECTRONICS AMERICA; SONY CORPORATION; SONY ELECTRONICS INC.; TOSHIBA CORPORATION; TOSHIBA AMERICA ELECTRONIC COMPONENTS; WINDBOND ELECTRONICS CORPORATION; WINBOND ELECTRONICS CORPORATION AMERICA

# United States District Court
NORTHERN DISTRICT OF CALIFORNIA

E-filing

ROBIN McENTEE, on behalf of himself and all others similarly situated,

v.

ALLIANCE SEMICONDUCTOR CORPORATION, [see attachment "A"]

SUMMONS IN A CIVIL CASE

CASE NUMBER:

**CV 08   0967 BZ**

TO: (Name and address of defendant)

ALLIANCE SEMICONDUCTOR CORPORATION, [see attachment "A"]

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

LINGEL H. WINTERS, ESQ. [SBN 37759]
Law Offices of Lingel H. Winters
A Professional Corporation
One Maritime Plaza, Suite 400
San Francisco, CA  94111
Telephone:  (415) 398-2941
Facsimile:  (415) 393-9887

an answer to the complaint which is herewith served upon you, within  20  days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking
CLERK

FEB 1 5 2008
DATE

Helen L. Almacen
(BY) DEPUTY CLERK

## SUMMONS IN A CIVIL CASE ATTACHMENT "A"

ALLIANCE SEMICONDUCTOR CORPORATION; CYPRESS SEMICONDUCTOR CORPORATION; ETRON TECHNOLOGY, INC.; ETRON TECHNOLOGY AMERICA, INC.; GSI TECHNOLOGY, INC.; HITACHI, LTD.; HYNIX SEMICONDUCTOR, INC.; HYNIX SEMICONDUCTOR AMERICA, INC.; INTERGRATED SILICON SOLUTION, INC.; MICRON TECHNOLOGY, INC.; CRUCIAL TECHNOLOGY, INC.; MITSUBISHI ELECTRIC CORPORATION; MITSUBISHI ELECTRIC & ELECTRONICS USA, INC.; NEC ELECTRONICS CORPORATION; NEC ELECTRONICS AMERICA, INC.; RENESAS TECHNOLOGY CORPORATION; RENESAS TECHNOLOGY AMERICA, INC.; SAMSUNG ELECTRONICS AMERICA; SONY CORPORATION; SONY ELECTRONICS INC.; TOSHIBA CORPORATION; TOSHIBA AMERICA ELECTRONIC COMPONENTS; WINDBOND ELECTRONICS CORPORATION; WINBOND ELECTRONICS CORPORATION AMERICA

LINGEL H. WINTERS, ESQ. (SBN 37759)
LAW OFFICES OF LINGEL H. WINTERS
A PROFESSIONAL CORPORATION
One Maritime Plaza, Suite 400
San Francisco, CA 94111
Telephone:    (415) 398-2941
Facsimile:    (415) 393-9887

Attorneys for Plaintiff and the Class

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BZ

CV 08 0967

ROBIN McENTEE, on behalf of himself and all others similarly situated,

        Plaintiff,

  vs.

ALLIANCE SEMICONDUCTOR CORPORATION; CYPRESS SEMICONDUCTOR CORPORATION; ETRON TECHNOLOGY, INC.; ETRON TECHNOLOGY AMERICA, INC.; GSI TECHNOLOGY, INC.; HITACHI, LTD.; HYNIX SEMICONDUCTOR, INC.; HYNIX SEMICONDUCTOR AMERICA, INC.; INTERGRATED SILICON SOLUTION, INC.; MICRON TECHNOLOGY, INC.; CRUCIAL TECHNOLOGY, INC.; MITSUBISHI ELECTRIC CORPORATION; MITSUBISHI ELECTRIC & ELECTRONICS USA, INC.; NEC ELECTRONICS CORPORATION; NEC ELECTRONICS AMERICA, INC.; RENESAS TECHNOLOGY CORPORATION; RENESAS TECHNOLOGY AMERICA, INC.; SAMSUNG ELECTRONICS AMERICA; SONY CORPORATION; SONY ELECTRONICS INC.; TOSHIBA CORPORATION; TOSHIBA AMERICA ELECTRONIC COMPONENTS; WINDBOND ELECTRONICS CORPORATION; WINBOND ELECTRONICS CORPORATION AMERICA,

        Defendants.

Case No:

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

CLASS ACTION COMPLAINT

## I. NATURE OF THE CASE, JURISDICTION AND VENUE

1. This is a class action under California antitrust and consumer protection statutes and common law. The Defendants are the world's leading manufacturers of Static Random Access Memory (hereinafter "SRAM") and other semiconductor memory products. Plaintiff alleges that Defendants engaged in an illegal combination and conspiracy in restraint of trade, the purpose and effect of which was to fix, stabilize and raise the price of SRAM sold in the United States, including California, during the period between January 1, 1998 and at least December 31, 2005 (the "Class Period"). Plaintiff brings this action on his own behalf and on behalf of all other persons or entities located in California who indirectly purchased SRAM at prices that were artificially inflated as a result of the unlawful conspiracy and acts of the Defendants.

2. Jurisdiction is proper as to each and every Defendant, in that each and every Defendant engaged, directly and through its agents and co-conspirators, in commercial activities within this state that were intended to and did cause injuries to Plaintiffs and the Class. This Court has subject matter jurisdiction because the case satisfies the requirements of 28 U.S.C. § 1332, as amended by the Class Action Fairness Act.

3. Venue is proper in this Judicial District given that Defendants reside, transact business, and/or are found, within this District, and a substantial part of the events giving rise to the claims arose in this District.

## II. PARTIES

### A. Plaintiff

4. Plaintiff Robin McEntee is a California resident who during the Class Period indirectly purchased SRAM manufactured by the Defendants at artificially high prices due to the illegal conspiracy and unlawful acts of the Defendants..

### B. Defendants

5. Defendant ALLIANCE SEMICONDUCTOR CORPORATION is a publicly traded Delaware corporation headquartered in Santa Clara, California. During the Class Period, Alliance Semiconductor Corporation manufactured, sold, and distributed SRAM throughout the

1  United States.

2        6.      Defendant CYPRESS SEMICONDUCTOR CORPORATION is a publicly traded Delaware corporation headquartered in San Jose, California.. During the Class Period, Cypress Semiconductor Corporation manufactured, sold, and distributed SRAM throughout the United States.

      7.      Defendant ETRON TECHNOLOGY, INC. is a Taiwan corporation. During the Class Period Etron Technology, Inc. manufactured, sold, and distributed SRAM throughout the United States

      8.      Defendant ETRON TECHNOLOGY AMERICA, INC. is headquartered in Santa Clara, California 95054. During the Class Period Etron Technology America, Inc., manufactured, sold, and distributed SRAM throughout the United States.

      9.      Defendant GSI TECHNOLOGY, INC. is a Delaware corporation headquartered in Santa Clara, California 95054. During the Class Period, GSI Technology, Inc. manufactured, sold, and distributed SRAM throughout the United States.

      10.      Defendant HITACHI, LTD. is a Japanese corporation. During the Class Period, Hitachi Ltd. manufactured, sold, and distributed SRAM throughout the United States.

      11.      Defendant HYNIX SEMICONDUCTOR, INC. is a Korea corporation. During the Class Period, Hynix Semiconductor, Inc. manufactured, sold, and distributed SRAM throughout the United States.

      12.      Defendant HYNIX SEMICONDUCTOR AMERICA, INC. is a wholly owned and controlled subsidiary of defendant Hynix Semiconductor, Inc. Hynix Semiconductor America, Inc. is a California corporation located in San Jose, California 95134. During the Class Period, it sold and distributed SRAM throughout the United States.

      13.      Defendant INTERGRATED SILICON SOLUTION, INC. is a publicly traded Delaware corporation located in Santa Clara, California 95054. During the Class Period, Integrated Silicon Solution, Inc. manufactured, sold, and distributed SRAM throughout the United States.

      14.      Defendant MICRON TECHNOLOGY, INC. is a publicly traded Delaware

corporation with its principal place of business in Idaho. During the Class Period, Micron Technology, Inc. manufactured, sold, and distributed SRAM throughout the United States.

15. Defendant CRUCIAL TECHNOLOGY, INC. is a corporation with its principal place of business in Idaho. Crucial Technology, Inc. is a division of Micron Semiconductor Products, Inc., a wholly owned subsidiary of Micron Technology, Inc.

16. Defendant MITSUBISHI ELECTRIC CORPORATION is a Japanese corporation. During the Class Period, Mitsubishi Electric Corporation manufactured, sold, and distributed SRAM throughout the United States.

17. Defendant MITSUBISHI ELECTRIC & ELECTRONICS USA, INC. is a wholly owned subsidiary of Mitsubishi Electric Corporation located in Cypress, California. During the Class Period, Mitsubishi Electric & Electronics USA, Inc. manufactured, sold, and distributed SRAM throughout the United States.

18. Defendant NEC ELECTRONICS CORPORATION is a Japanese corporation. During the Class Period, NEC Electronics Corporation manufactured, sold, and distributed SRAM throughout the United States.

19. Defendant NEC ELECTRONICS AMERICA, INC. is a wholly-owned subsidiary of NEC Electronics Corporation that maintains its corporate headquarters in. Santa Clara, California and its manufacturing plant in Roseville, California. During the Class Period, NEC Electronics America, Inc. manufactured, sold, and distributed SRAM throughout the United States.

20. Defendant RENESAS TECHNOLOGY CORPORATION is a Japanese corporation. During the Class Period, Renesas Technology Corporation manufactured, sold, and distributed SRAM throughout the United States.

21. Defendant RENESAS TECHNOLOGY AMERICA, INC. is located in San Jose, California. During the Class Period, Renesas Technology America, Inc. manufactured, sold, and distributed SRAM throughout the United States.

22. Defendant SAMSUNG ELECTRONICS COMPANY, LTD. is a Korean corporation. During the Class Period, Samsung Electronics Company, Ltd. manufactured, sold,

1 and distributed SRAM throughout the United States.

23. Defendant SAMSUNG ELECTRONICS AMERICA is located in New Jersey. During the Class Period, Samsung Electronics America manufactured, sold, and distributed SRAM throughout the United States.

24. Defendant SONY CORPORATION is a Japanese corporation. During the Class Period, Sony Corporation manufactured, sold, and distributed SRAM throughout the United States.

25. Defendant SONY ELECTRONICS, INC. is a wholly owned subsidiary of Sony Corporation located in San Diego, California. During the Class Period, Sony Electronics Inc. manufactured, sold, and distributed SRAM throughout the United States.

26. Defendant TOSHIBA CORPORATION is a Japanese corporation. During the Class Period, Toshiba Corporation manufactured, sold, and distributed SRAM throughout the United States.

27. Defendant TOSHIBA AMERICA ELECTRONIC COMPONENTS is located in Irvine, California. During the Class Period Toshiba America Electronic Components manufactured, sold, and distributed SRAM throughout the United States.

28. Defendant WINBOND ELECTRONICS CORPORATION is a Taiwan corporation. During the Class Period Winbond Electronics Corporation manufactured, sold, and distributed SRAM throughout the United States.

29. Defendant WINBOND ELECTRONICS CORPORATION AMERICA is a wholly-owned subsidiary of Winbond Electronics Corporation located in San Jose, California. During the Class Period Winbond Electronics Corporation America manufactured, sold, and distributed SRAM throughout the United States.

### III. CLASS AND REPRESENTATIVE ALLEGATIONS

30. Plaintiff brings this lawsuit as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), on behalf the following Class (the "Class"):

> All individuals and entities who, between January 1, 1998 and December 31, 2005, indirectly purchased SRAM in California from the defendants or their subsidiaries. Excluded from the

**class are defendants and their parents, subsidiaries, affiliates, all governmental entities, and co-conspirators.**

31. The total number of Class members is so large that individual joinder of all members of the Class is impracticable. There are hundreds of thousands, if not millions, of indirect purchasers of SRAM in California.

32. Plaintiff's claim is typical of the claims of the members of the Class, since Plaintiff and all members of the Class purchased SRAM during the class period alleged herein, their claims arise from the same course of conduct; and the relief sought is common.

33. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class as his interests are typical of the rest of the Class and he has no conflict with other Class Members. Plaintiff has retained experienced and competent counsel to represent him.

34. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class.

35. Joinder of all members of the class is not possible; the claims of individual class members are too small to justify an individual action; and a class action is superior to other methods for the fair and efficient adjudication of this controversy

### IV. CO-CONSPIRATORS AND AGENCY

36. Certain other persons, firms, corporations and entities have participated as co-conspirators with defendants in the violations and conspiracies alleged in this complaint. In order to engage in the offenses charged and violations alleged herein, these co-conspirators have preformed acts and made statements in furtherance of the antitrust violations and conspiracies alleged herein.

37. At all relevant times, each defendant was an agent of each of the remaining defendants, and in doing the acts alleged herein, was acting within the course and scope of such agency. Each defendant ratified and/or authorized the wrongful acts of each of the defendants. Defendants, and each of them, are individually sued as participants, and as alders and abettors, in the improper acts, plans, schemes, and transactions that are subject of this complaint.

1  Defendants, and each of them, have participated as members of the conspiracy, or acted with or
2  in furtherance of it, or aided or assisted in carrying out its purposes as alleged in this complaint,
3  and have performed acts and made statements in furtherance of the violations and conspiracy.

4  38.  The acts charged in this complaint have been done by defendants, or were
5  ordered or done by defendants' officers, agents, employees, or representatives, while actively
6  engaged in the management of defendants' affairs.

## V. THE SRAM MARKET PRIOR TO THE CONSPIRACY

39.  SRAMs are integrated circuits that allow data to be digitally stored and retrieved at high speed. SRAM has advantages over, and is a distinct product from Dynamic Random Access Memory, commonly knows as DRAM. SRAM comes in a variety of sizes, process technologies, access speeds, and densities. Slower speed SRAMs serve as memory in cellular telephones, pagers, modems, and similar products. Higher speed SRAMs serve as intermediate, or cache, memory in various computer systems such as workstations and servers. During the Class Period, defendants comprised many of the major manufacturers of SRAM in the world, and collectively generated a substantial portion of the SRAM sales in the global market. In 2006, SRAM revenues were on information and belief, approximately three billion dollars.

40.  The SRAM industry is highly cyclical, with short product life cycles. Manufactures sell SRAM with new and improved features at high margins until competitors match the features. As competitors have introduced SRAM with similar features on the market, the improved SRAM has declined in price.

41.  Between 1994 and 1997, the number of SRAM manufacturers selling SRAM in the United States increased. During the same time period, the amount of SRAM manufacturing capacity increased worldwide, and prices of SRAM in the United States declined. The United States SRAM industry fell from profitability into steep losses, and Plaintiffs are informed and believe that as a result of these competitive conditions defendants were unable to sell at prices sufficient to cover their costs.

///
///

# VI. THE DEFENDANTS' UNLAWFUL CONSPIRACY AND ILLEGAL ACTS AND PRACTICES

42. In response to these competitive conditions, Defendants entered into unlawful agreements and combinations and conspiracies designed to combat the price decline and stabilize and raise prices in the SRAM industry. The purpose and effect of these agreements was to artificially limit the rate of SRAM price decline and to artificially increase SRAM prices. As a result, during the Class Period the price paid by, among others, Plaintiff and other California indirect purchasers of SRAM, was artificially inflated above the competitive levels.

43. In 2005 and 2006, manufacturers of DRAM, including defendants Samsung Electronics Company, Ltd. and Hynix Semiconductor, Inc., pled guilty to price fixing and agreed to pay hundreds of millions of dollars in criminal fines.

44. On October 12, 2006, defendant Cypress Semiconductor acknowledged that it had been contracted by the United States Department of Justice in connection with an investigation into the SRAM market. Since then, defendant Samsung Electronics Company, Ltd., Mitsubishi Electric & Electronics U.S.A., and Toshiba have admitted to being contacted by the Department of Justice concerning their sale of SRAM. It has also been reported that the Department of Justice has contacted defendant Micron Technology, Inc., concerning its sale of SRAM.

## VII. FIRST CLAIM FOR RELIEF

**Violation of the Cartwright Act**
**California Business & Professions Code §16700 et seq.**
**(Against All Defendants)**

45. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-44 as though the same were set forth in full.

46. Defendants' conduct with respect to the sale and distribution of SRAM is anti-competitive, and, by undertaking said acts Defendants, their co-conspirators, and each of them, have destroyed and/or prevented honest competition in California's market for SRAM. The foregoing constitutes a trust or combination among Defendants to restrain, stabilize and maintain the prices for the supply and distribution of SRAM.

47. During at least the Class Period Defendants, their co-conspirators, agents,

affiliates, and others presently unknown, entered into and engaged in a continuing unlawful trust in restraint of the trade and commerce described above in violation of Business and Professions Code § 16720. Said Defendants, and each of them, have acted in violation of § 16720 to fix, raise, stabilize and maintain the price of SRAM at supra-competitive levels.

48. The aforesaid violations of Business and Professions Code § 16720 consisted, without limitation, of a continuing combination, trust, agreement, understanding and concert of action among the Defendants, their agents, affiliates or co-conspirators, the purpose and effect of which was to fix, raise, stabilize and maintain the price of SRAM paid by Plaintiff and other indirect purchasers in California.

49. For purposes of forming, carrying out, policing, monitoring and enforcing the trust, combination of common course of conduct alleged herein, Defendants have exchanged, communicated and signaled, through themselves and through third parties and devices, and have thereby fixed, raised, stabilized and maintained the price of SRAM at supra-competitive levels.

50. For the purpose of forming and effectuating the aforesaid combination, Defendants and those acting with them, or in pursuance of the trust or combination or aiding and assisting them, have done those things which they combined to do, including, among other things, agreeing to communicate and communicating confidential competitive information; agreeing to and fixing, raising, stabilizing, inflating, maintaining and increasing prices and price levels in relation to each other; and agreeing and refraining from competing among themselves.

51. The aforesaid trust, combination, agreements and course of conduct had the effect of causing prices for SRAM to be fixed, raised, maintained and stabilized at supra-competitive levels; depriving California purchasers of the benefits of free and open competition; unreasonably restraining competition in the sale and distribution of SRAM; and restraining, suppressing and eliminating price competition in connection therewith.

52. During the period covered by this Complaint, Plaintiff and other members of the Plaintiff Class purchased SRAM Products indirectly from Defendants. By reason of the alleged the antitrust laws, Plaintiff and each member of the Class paid more for SRAM than they would have paid in the absence of the illegal trust, combination, agreement or course of conduct. As a

CLASS ACTION COMPLAINT

1  proximate cause thereof, Plaintiff and each member of the Class have been injured in their
2  business and property and have suffered damages in an amount according to proof at trial.

## VIII. SECOND CLAIM FOR RELIEF

**Violations of the UCL**
**California Business & Professions Code §17200 et seq.**
**(Against All Defendants)**

53.  Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-52 as though the same were set forth in full at this point.

54.  As a result of the above alleged illegal conspiracy and acts and practices, the Defendants have engaged in unfair competition within the meaning of California Business and Professions Code § 17200

55.  Defendants' business acts and practices, as alleged herein, constituted and constitute a continuous and continuing course of conduct of unfair competition by means of unfair, unlawful and/or fraudulent business acts or practices within the meaning of §17200.

56.  Defendants' business acts and practices, as alleged herein, have caused Plaintiff and each member of the Class to pay supra-competitive and artificially inflated prices for SRAM.

57.  Plaintiff and each member of the Class are entitled to relief, including full restitution and/or disgorgement of all revenues, earnings, profits, compensation and benefits which may have been obtained by Defendants as a result of such business acts or practices, and enjoining Defendants to cease and desist from engaging in the practices described herein.

## IX. THIRD CLAIM FOR RELIEF

**Common Count For Unjust Enrichment/Restitution**
**(Against All Defendants)**

58.  Plaintiff incorporates and realleges, as if fully set forth herein, all of the allegations set forth above.

59.  Defendants have been unjustly enriched as a result of the above alleged conspiracy and unlawful acts, at the expense of Plaintiff and the Class, and have an obligation implied at law to make full restitution.

1     60.     Defendants have engaged in the above alleged acts with malice, fraud, and/or oppression and are liable for punitive damages under California Civil Code Section 3294 and the common law.

## X. PRAYER

WHEREFORE, Plaintiff prays for relief as follows:

1.     For certification of this action as a class action;

2.     For compensatory and general damages, including prejudgment interest, trebled pursuant to the Cartwright Act, and that joint and several judgments be entered against each Defendant for the amount so determined, along with the trebling of said damages;

3.     For restitution and disgorgement of profits and such other equitable relief as may be appropriate under the UCL and the common law

4.     For punitive damages;

5.     For costs of suit and an award of reasonable attorneys' fees pursuant to the Cartwright Act, C.C.P. § 1021.5, and any other applicable law; and

6.     For an injunction and for such other and further relief as the Court may deem just and proper.

DATED: February 15, 2008

LAW OFFICES OF LINGEL H. WINTERS
A PROFESSIONAL CORPORATION

By: _/s/ Lingel H. Winters_
LINGEL H. WINTERS
LAW OFFICES OF LINGEL H. WINTERS
A PROFESSIONAL CORPORATION
One Maritime Plaza, Suite 400
San Francisco, CA 94111
Telephone:  (415) 398-2941
Facsimile:  (415) 393-9887

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury for all issues so triable.

DATED: February 15, 2008

LAW OFFICES OF LINGEL H. WINTERS
A PROFESSIONAL CORPORATION

By: /s/ Lingel H. Winters
LINGEL H. WINTERS
LAW OFFICES OF LINGEL H. WINTERS
A PROFESSIONAL CORPORATION
One Maritime Plaza, Suite 400
San Francisco, CA 94111
Telephone:  (415) 398-2941
Facsimile:  (415) 393-9887

CLASS ACTION COMPLAINT