UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RELATED CASE ORDER

FILED
MAR - 6 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

A Motion for Administrative Relief to Consider Whether Cases Should be Related or a *Sua Sponte* Judicial Referral for Purpose of Determining Relationship (Civil L.R. 3-12) has been filed. The time for filing an opposition or statement of support has passed. As the judge assigned to the earliest filed case below that bears my initials, I find that the more recently filed case that I have initialed below is related to the case assigned to me, and such case shall be reassigned to me. Any cases listed below that are not related to the case assigned to me are referred to the judge assigned to the next-earliest filed case for a related case determination.

<u>M:07cv-01819 CW</u>   <u>In re: Static Random Access Memory (SRAM) Antitrust Litigation</u>

<u>C-08-0967-BZ</u>   <u>Robin McEntee v. Alliance Semiconductor, et al</u>

I find that the above case is related to the case assigned to me. _CW_

ORDER

Counsel are instructed that all future filings in any reassigned case are to bear the initials of the newly assigned judge ("**CW**") immediately after the case number. **The case management dates previously set in M-07-01819 CW, <u>In re: Static Random Access Mamor (SRAM) Atnitrust Litigation</u>, will apply to the reassigned case.**

MAR - 6 2008
_____
Date

_____
Claudia Wilken
U.S. District Judge

## CERTIFICATE OF SERVICE

    I certify that on the date stated below, I lodged a copy of this order with each judicial officer and I mailed a copy to each counsel of record or *pro se* party in the cases listed above.

Richard W. Wieking, Clerk

DATED: 3/7/08

By: _____
Deputy Clerk

Copies to: Courtroom Deputies
          Case Systems Administrators
          Counsel of Record
Entered into Assignment Program: 3/7/08 (date)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE STATIC RANDOM ACCESS MEMORY (SRAM) ANTITRUST LITIGATION | No. M:07-cv-01819 CW<br>MDL No. 1819<br><br>FIRST PRETRIAL ORDER |

The Judicial Panel on Multidistrict Litigation (MDL Panel) has transferred to this Court for coordinated pretrial proceedings certain antitrust actions relating to an alleged conspiracy to fix the price of Static Random Access Memory (SRAM), <u>In Re Static Random Access Memory (SRAM) Antitrust Litigation</u>, MDL No. 1819. On May 3, 2007, the Court ruled on motions for appointment of interim lead counsel pursuant to Federal Rule of Civil Procedure 23(g) for the direct and indirect purchaser claims. Because of the number of cases before the Court and the need to establish procedures for the management of these cases, the Court ORDERS as follows:

1. APPLICABILITY OF ORDER. Prior to the initial case management conference and entry of a comprehensive order governing all further proceedings in this case, the provisions of this Order shall govern the practice and procedure in those actions that were

transferred to this Court by the Panel. This Order also applies to all related cases filed in all divisions of the Northern District of California and all "tag along actions" later filed in, removed to, or transferred to this Court.

2. CONSOLIDATION AND/OR COORDINATION. The civil actions transferred to this Court or related to the actions already pending before this Court are consolidated for pretrial purposes. Any "tag-along actions" later filed in, removed to, or transferred to this Court, or directly filed in the Northern District of California, will automatically be consolidated with this action upon notice from the parties that the action should be related and consolidated for pretrial purposes. No further motions will be required. This consolidation does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she or it has not been named, served or added in accordance with the Federal Rules of Civil Procedure.

3. DATE OF CASE MANAGEMENT CONFERENCE AND AGENDA FOR CONFERENCE. Matters relating to pretrial, discovery proceedings, and coordination of the direct and indirect cases will be addressed at the case management conference on <u>Friday, June 1, 2007 at 1:30 p.m.</u> before Judge Claudia Wilken in Courtroom 2, 4th Floor, United States Courthouse, 1301 Clay Street, Oakland, CA 94612. Defendants, Interim Lead Direct Class Counsel, and Interim Lead Indirect Class Counsel shall be prepared to discuss a case management schedule and proposals for coordination of the direct and indirect cases. If the parties have any suggestions as to

additional agenda items for the initial case management conference, these suggestions should be included as part of the joint case management conference statement to be filed by May 22, 2007.

4.  INITIAL CONFERENCE APPEARANCES.  Members of the class shall appear through Interim Lead Direct Class Counsel and Interim Lead Indirect Class Counsel.  All other parties represented by counsel shall appear at the initial pretrial conference through the party's attorney who will have primary responsibility for the party's interest in this litigation.  Parties not represented by counsel may appear in person.  To minimize costs and facilitate a manageable conference, parties with similar interests may agree to the extent practicable to have an attending attorney represent the party's interest at the conference.  A party will not by designating a representative to represent a party's interest at the conference be precluded from other representation during the litigation, nor will attendance at the conference waive objections to jurisdiction, venue, or service.

5.  MASTER DOCKET FILE.  All pleadings and filings shall be made in the Master Docket File, No. M:07-cv-01819-CW.  The caption of each pleading shall read "<u>In Re Static Random Access Memory (SRAM) Antitrust Litigation</u>" and, in addition to the master file number, shall include the identification "MDL No. 1819."  When a pleading is intended to apply to all actions, this shall be indicated by the words "This Document Relates to All Actions."  When a pleading is intended to apply only to all Direct Purchaser Plaintiffs, this shall be indicated by the words "This Document Relates to All Direct Purchaser Actions."  When a pleading is

intended to apply only to all Indirect Purchaser Plaintiffs, this shall be indicated by the words "This Document Relates to All Indirect Purchaser Actions." When a pleading is intended to apply only to an individual case, this shall be indicated by the words "This Document Relates Only to Case No." with the corresponding number.

6. FILING. This case is subject to Electronic Case Filing (ECF), pursuant to General Order 45, Section VI of which requires that all documents in such a case be filed electronically. General Order 45 provides at Section IV (A) that "Each attorney of record is obligated to become an ECF User and be assigned a user ID and password for access to the system upon designation of the action as being subject to ECF." If she or he has not already done so, counsel shall register forthwith as an ECF User and be issued an ECF User ID and password. Forms and instructions can be found on the Court's Web site at ecf.cand.uscourts.gov. All documents shall be e-filed in the master file, M:07-cv-01819-CW. Documents that pertain to one or only some of the pending actions shall also be e-filed in the individual case(s) to which the document pertains.

7. DOCKETING NEW CASES. When an action that properly belongs as part of In Re Static Random Access Memory (SRAM) Antitrust Litigation is filed after the date of this Order in the Northern District of California or transferred here from another court, the Clerk of this Court shall:

    A. File a copy of this Order in the separate file for such action;

    B. Make an appropriate entry on the master docket sheet;

C. Email to the attorneys for the plaintiff in the newly filed or transferred case a copy of this Order; and

D. Upon the first appearance of any new defendant, email to the attorneys for the defendant in such newly filed or transferred cases a copy of this Order.

8. APPEARANCES. Counsel who appeared in a transferor court prior to transfer need not enter an additional appearance before this Court.

9. APPOINTMENT OF INTERIM LEAD COUNSEL.

   A. DIRECT PURCHASER PLAINTIFFS. The Court appoints the law firm of Cotchett, Pitre & McCarthy as Interim Lead Direct Class Counsel and Liaison Counsel for the Direct Purchaser Plaintiffs. Interim Lead Direct Class Counsel shall be responsible for the overall conduct of the litigation on behalf of the Direct Purchaser Plaintiffs. Interim Lead Direct Class Counsel shall have the following responsibilities with respect to this litigation on behalf of Direct Purchaser Plaintiffs:

      1. To coordinate and communicate with Interim Lead Indirect Class Counsel;

      2. To coordinate and make the work assignments to the Direct Purchaser Steering Committee Counsel to promote efficient prosecution of this litigation and to avoid duplication of work;

      3. To initiate and conduct all discovery proceedings and communicate with Defendants' counsel with respect to same on all issues related to the Direct Purchaser Class;

      4. To coordinate all motions, requests for

5

discovery, experts and other pretrial proceedings regarding the position of all the Direct Purchaser Plaintiffs. No motion, request for discovery, or other pretrial proceedings in this litigation shall be initiated or filed by any Direct Purchaser class member except through Interim Lead Direct Class Counsel;

        5. To communicate with and contact any defendant corporate entity who is seeking amnesty under the Antitrust Criminal Penalty Enforcement and Reform Act of 2004, 118 Stat. 661 (2001);

        6. To meet with defense counsel with respect to settlement and other matters on behalf of Direct Purchasers;

        7. To coordinate and communicate with counsel in the Indirect Purchaser Class cases with respect to matters addressed in this paragraph;

        8. To record and administer all time and expenses of counsel and staff in the Direct Purchaser class action cases on a form set forth by Interim Lead Direct Class Counsel on a monthly basis or on such other schedule as may be established. Failure to maintain and timely submit such records will be considered in any fee allocation and may constitute grounds for denying court-awarded attorneys' fees; and

        9. To assess Direct Purchaser Steering Committee law firms' common litigation costs and to collect assessments on a regular basis.

    B. Further, the law firm of Cotchett, Pitre & McCarthy shall be responsible for assigning and overseeing all assignments delegated to the Steering Committee for the Direct Purchaser

6

Plaintiffs, as listed on Exhibit A.

  C. INDIRECT PURCHASER PLAINTIFFS. The Court appoints the law firm of Zelle Hofmann Voelbel Mason & Gette, LLP as Interim Lead Indirect Class Counsel and Liaison Counsel for the Indirect Purchaser Plaintiffs. Interim Lead Indirect Class Counsel shall be responsible for the overall conduct of the litigation on behalf of the Indirect Purchaser Plaintiffs. Interim Lead Indirect Class Counsel shall have the following responsibilities with respect to this litigation on behalf of Indirect Purchaser Plaintiffs:

  1. To coordinate and communicate with Interim Lead Direct Class Counsel;

  2. To coordinate and make the work assignments to the Indirect Purchaser Steering Committee counsel to promote the efficient prosecution of this litigation and avoid duplication of work;

  3. To initiate and conduct all discovery proceedings and communicate with Defendants' counsel with respect to same and on all issues related to the Indirect Purchaser Class.

  4. To coordinate all motions, requests for discovery, experts and other pretrial proceedings regarding the position of all the Indirect Purchaser Plaintiffs. No motions, request for discovery, or other pretrial proceedings in this litigation shall be initiated or filed by any Indirect Purchaser class member except through Interim Lead Indirect Class Counsel;

  5. To communicate with and contact any defendant corporate entity who is seeking amnesty under the Antitrust Criminal Penalty Enforcement and Reform Act of 2004, 118 Stat. 661

(2001);

      6.    To meet with defense counsel with respect to settlement and other matters on behalf of Indirect Purchasers;

      7.    To coordinate and communicate with counsel in the Direct Purchaser Class cases with respect to matters addressed in this paragraph;

      8.    To record and administer all time and expenses of counsel and staff in the Indirect Purchaser class action cases on a form set forth by Interim Lead Indirect Class Counsel on a monthly basis or on such other schedule as may be established. Failure to maintain and timely submit such records will be considered in any fee allocation and may constitute grounds for denying court-awarded attorneys' fees; and

      9.    To assess Indirect Purchaser Steering Committee law firms' common litigation costs and to collect assessments on a regular basis.

    D.    Further, the law firm of Zelle Hofmann Voelbel Mason & Gett, LLP shall be responsible for assigning and overseeing assignments delegated to the Steering Committee for the Indirect Purchaser Plaintiffs, as listed on Exhibit B.

    10.    PRESERVATION OF EVIDENCE. All parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action. The duty extends to documents, data, and tangible things in the possession, custody and control of the parties to this action, and any employees, agents, contractors, carriers, bailees, or other non-parties who possess materials reasonably anticipated to be subject to discovery in this action.

1  "Documents, data, and tangible things" shall be interpreted broadly
2  to include writings, records, files, correspondence, reports,
3  memoranda, calendars, diaries, minutes, electronic messages, voice
4  mail, E-mail, telephone message records or logs, computer and
5  network activity logs, hard drives, backup data, removable computer
6  storage media such as tapes, discs and cards, printouts, document
7  image files, Web pages, databases, spreadsheets, software, books,
8  ledgers, journals, orders, invoices, bills, vouchers, check
9  statements, worksheets, summaries, compilations, computations,
10 charts, diagrams, graphic presentations, drawings, films, charts,
11 digital or chemical process photographs, video, phonographic, tape
12 or digital recordings or transcripts thereof, drafts, jottings and
13 notes, studies or drafts of studies or other similar such material.
14 Information that serves to identify, locate, or link such material,
15 such as file inventories, file folders, indices, and metadata, is
16 also included in this definition. Until the parties reach an
17 agreement on a preservation plan or the Court orders otherwise,
18 each party shall take reasonable steps to preserve all documents,
19 data, and tangible things containing information potentially
20 relevant to the subject matter of this litigation.  Counsel is
21 under an obligation to the Court to exercise all reasonable efforts
22 to identify and notify parties and non-parties of their duties,
23 including employees of corporate or institutional parties.
24         11.  FILING OF DISCOVERY REQUESTS. In accordance with Rule
25 5(d) of the Federal Rules of Civil Procedure, discovery requests
26 and responses are not to be filed with the Clerk nor sent to the
27 Judge's Chambers, except to the extent needed in connection with a
28

```
 1  motion.
 2        IT IS SO ORDERED.
 3           5/17/07
 4  Dated: _____          _____
 5                                          CLAUDIA WILKEN
                                            United States District Judge
 6
 7
 8  cc: Clerk, JPMDL
```

EXHIBIT A
STEERING COMMITTEE FOR THE DIRECT PURCHASER PLAINTIFFS

The Steering Committee on behalf of the Direct Purchaser Plaintiffs includes the following firms:

1. Freed Kanner London & Millen, LLC
2. Gold Bennett Cera & Sidener, LLP
3. Green Welling, LLP
4. Hagens Berman Sobol Shapiro, LLP
5. Saveri & Saveri, Inc.
6. Meredith Cohen Greenfogel & Skirnick, P.C.

EXHIBIT B
STEERING COMMITTEE FOR THE INDIRECT PURCHASER PLAINTIFFS

The Steering Committee on behalf of the Indirect Purchaser Plaintiffs includes the following firms:

1. Durrette Bradshaw, PLC
2. Furth Lehmann, LLP
3. Lieff Cabraser Heimann & Bernstein, LLP
4. Shepherd Finkelman Miller & Shah, LLC